No. 26-2668

# IN THE United States Court of Appeals

FOR THE EIGHTH CIRCUIT

MUKHAR KHUGAEV,

*Petitioner-Appellant*,

---v.---

GARY STOLZER,
Warden of Ste. Genevieve County Detention Center,

*Respondent - Appellee*.

Russell Hott; David J. Venturella; United States Immigration and Customs Enforcement; Markwayne Mullin; U.S. Department of Homeland Security; Todd Blanche,

*Respondents*.

*On Appeal from the United States District Court*
*for the Eastern District of Missouri*
*Honorable Joshua M. Divine*
*District Court No. 1:26-cv-00146-JMD*

**BRIEF OF PETITIONER-APPELLANT**

Viktoriia Chernova
LEX VERITAS LLC
150 S. Wacker Drive
Suite 2400
Chicago, IL 60606
Phone No.: (470) 469-8426
E-Mail: lexveritasllc@gmail.com

*Attorney for Petitioner-Appellant*

## SUMMARY OF THE CASE AND REQUEST FOR WAIVER OF ORAL ARGUMENT

This appeal concerns whether Petitioner-Appellant Mukhar Khugaev's detention is governed by 8 U.S.C. § 1226(a), permitting an individualized bond hearing, or the mandatory-detention provision of § 1225(b)(2)(A).

Appellant was paroled into the United States in December 2021 and pursued asylum while living in the community. Following a local arrest, ICE took him into custody on March 16, 2026, under a Form I-200 warrant referencing INA §§ 236 and 287. App. 4–5, 7–8, 31; R. Doc. 1, at 1–2, 4–5; R. Doc. 1-5, at 1. On June 17, 2026, he petitioned under 28 U.S.C. § 2241 for release or an individualized custody hearing. App. 4–5; R. Doc. 1, at 1–2.

On July 6, 2026, the district court denied relief in a one-page order incorporating three district court decisions and citing *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), without separately addressing Appellant's warrant-based argument. App. 75; R. Doc. 4, at 1. Appellant challenges both the statutory basis for his detention and the disposition following Respondents' substantive response without a briefing schedule or meaningful opportunity to reply.

Appellant respectfully requests waiver of oral argument because the briefs and record adequately present the issues, and argument would not significantly aid the Court's decisional process.

## TABLE OF CONTENTS


| | |
|---|---|
| SUMMARY OF THE CASE AND WAIVER OF ORAL ARGUMENT | i |
| TABLE OF CONTENTS | ii |
| TABLE OF AUTHORITIES | iii-v |
| JURISDICTIONAL STATEMENT | 1 |
| STATEMENT OF THE ISSUES | 1 |
| STATEMENT OF THE CASE | 2 |
| A. Background | 2 |
| B. Procedural History | 3 |
| SUMMARY OF THE ARGUMENT | 5 |
| ARGUMENT | 6 |
| I. THE DISTRICT COURT ERRED IN TREATING *AVILA* AS DISPOSITIVE WITHOUT ADDRESSING ICE'S INVOCATION OF § 1226 IN APPELLANT'S ARREST WARRANT | 6 |
| A. Appellant's arrest warrant supports application of § 1226(a), and *Avila* does not resolve the legal effect of that warrant. | 7 |
| B. The Government's litigation position does not establish that ICE exercised § 1225 authority when it arrested Appellant. | 9 |
| II. THE DISTRICT COURT ERRED BY DENYING THE PETITION WITHOUT AFFORDING APPELLANT A MEANINGFUL OPPORTUNITY TO REPLY TO RESPONDENTS' SUBSTANTIVE RESPONSE | 11 |
| CONCLUSION | 15 |

# TABLE OF AUTHORITIES

## Cases


| Authority | Page(s) |
|---|---|
| *Abdullah v. Hedrick*, 392 F.3d 957 (8th Cir. 2004) | 12 |
| *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026) | i, 1, 4-9, 11-12 |
| *Banyee v. Garland*, 115 F.4th 928 (8th Cir. 2024) | 4 |
| *Cisse v. Blanche*, No. 26-cv-2215, ECF No. 8 (D. Minn. Apr. 30, 2026) | 2, 9-10 |
| *Department of Homeland Security v. Regents of the University of California*, 591 U.S. 1 (2020) | 1-2, 9 |
| *Hoamaza Lita v. Blanche*, No. 26-cv-2344, ECF No. 8 (D. Minn. May 5, 2026) | 10 |
| *Huggins v. FedEx Ground Package System, Inc.*, 592 F.3d 853 (8th Cir. 2010) | 12 |
| *Jennings v. Rodriguez*, 583 U.S. 281 (2018) | 1, 11 |
| *Mader v. United States*, 654 F.3d 794 (8th Cir. 2011) (en banc) | 6 |
| *Mejia Olalde v. Noem*, No. 1:25-cv-00168-JMD, 2025 WL 3131942 (E.D. Mo. Nov. 10, 2025) | 5 |
| *Sangwan v. Warden*, No. 1:26-cv-00071-MAL, 2026 WL 1469187 (E.D. Mo. May 26, 2026) | 5 |
| *Suarez v. Noem*, No. 1:25-cv-00202-JMD, 2025 WL 3312168 (E.D. Mo. Nov. 28, 2025) | 5 |
| *Villa Mainato v. Blanche*, No. 26-cv-3897, ECF No. 8 (D. Minn. Sept. 24, 2026) | 10 |
| *Walker v. Johnston*, 312 U.S. 275 (1941) | 2, 13 |


## Statutes

| Authority | Page(s) |
| --- | --- |
| 8 U.S.C. § 1182(d)(5)(A) | 2, 8 |
| 8 U.S.C. § 1225(b)(2)(A) | i, 2, 4–6, 8–11, 14 |
| 8 U.S.C. § 1226 (INA § 236) | i, 1, 3, 5–11, 14 |
| 8 U.S.C. § 1226(a) | i, 1–2, 4–8, 10–11, 15 |
| INA § 287, 8 U.S.C. § 1357 | i, 3, 7–8, 10, 14 |
| 28 U.S.C. § 1291 | 1 |
| 28 U.S.C. § 2107(b) | 1 |
| 28 U.S.C. § 2241 | i, 3, 12–13 |
| 28 U.S.C. § 2241(a) | 1 |
| 28 U.S.C. § 2241(c)(3) | 1 |
| 28 U.S.C. § 2243 | 2, 6, 12–13 |


**Other Authorities**


| Authority | Page(s) |
| --- | --- |
| U.S. Const. amend. V | 1, 4 |
| 8 C.F.R. § 236.1(b)(1) | 2, 7, 10 |
| Fed. R. App. P. 4(a)(1)(B) | 1 |

| | |
|---|---|
| Fed. R. Civ. P. 6(a)(1) | 2, 14 |
| Rules Governing § 2254 Cases in the U.S. Dist. Cts. R. 1(b) | 2, 13 |
| Rules Governing § 2254 Cases in the U.S. Dist. Cts. R. 5(e) | 2, 13 |
| Rules Governing § 2254 Cases in the U.S. Dist. Cts. R. 5 advisory committee's note to 2019 amendment | 13 |
| E.D. Mo. L.R. 1.05 | 2, 13–14 |
| E.D. Mo. L.R. 4.01(C) | 2, 6, 13–14 |

## JURISDICTIONAL STATEMENT

The District Court had subject matter jurisdiction under 28 U.S.C. § 2241(a) and (c)(3) because Appellant, while in immigration custody, petitioned for a writ of habeas corpus on the ground that his detention violated federal law and the Fifth Amendment.

The District Court entered its Order Dismissing Petition on July 6, 2026. App. 75; R. Doc. 4, at 1. Appellant Mukhar Khugaev filed his notice of appeal on August 17, 2026. App. 76; R. Doc. 5, at 1. The appeal is timely under 28 U.S.C. § 2107(b) and Federal Rule of Appellate Procedure 4(a)(1)(B), which provide a 60-day appeal period when a United States agency or officer is a party.

This Court has appellate jurisdiction under 28 U.S.C. § 1291 because the order denied the habeas petition and disposed of all claims.

## STATEMENT OF THE ISSUES

1. Whether the District Court erred in denying Appellant's request for a bond hearing under 8 U.S.C. § 1226(a) and his Fifth Amendment challenge to continued detention, where ICE arrested him in the interior pursuant to a Form I-200 warrant invoking § 236, after he had previously been paroled into the United States.

   **Apposite Authority:** *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026); *Jennings v. Rodriguez*, 583 U.S. 281 (2018); *Department of Homeland Security v.*

*Regents of the University of California*, 591 U.S. 1 (2020); *Cisse v. Blanche*, No. 26-cv-2215, ECF No. 8 (D. Minn. Apr. 30, 2026); 8 U.S.C. §§ 1225(b)(2)(A), 1226(a); 8 C.F.R. § 236.1(b)(1).

2. Whether the District Court erred by denying the habeas petition after considering Respondents' substantive response without issuing an order to show cause, setting a briefing schedule, or affording Appellant an opportunity to reply.

   **Apposite Authority:** *Walker v. Johnston*, 312 U.S. 275 (1941); 28 U.S.C. § 2243; Rules Governing § 2254 Cases in the U.S. Dist. Cts. R. 1(b), 5(e); E.D. Mo. L.R. 1.05, 4.01(C); Fed. R. Civ. P. 6(a)(1).

## STATEMENT OF THE CASE

### A. BACKGROUND

Appellant Mukhar Khugaev is a citizen of Russia who entered the United States at or near San Ysidro, California, on December 6, 2021. After encountering U.S. Border Patrol, he was issued a Notice to Appear and paroled into the United States pending removal proceedings. App. 4, 7; R. Doc. 1, at 1, 4. The Government acknowledged that Appellant had been released on parole under 8 U.S.C. § 1182(d)(5)(A). App. 64; R. Doc. 3, at 2 & n.2.

Appellant filed an application for asylum on December 6, 2022, and received employment authorization on June 7, 2023. A deportation officer issued a

superseding Notice to Appear on January 17, 2025. App. 7; R. Doc. 1, at 4. According to the petition, Appellant resided in the United States for more than four years following his parole, pursued his asylum application, and complied with his immigration proceedings while living in the community. App. 8; R. Doc. 1, at 5.

On March 15, 2026, the Chesterfield Police Department in Missouri arrested Appellant for possessing an open container of alcohol and driving while intoxicated. He was transferred to ICE custody the following day. App. 7–8; R. Doc. 1, at 4–5. ICE issued a Form I-200 Warrant for Arrest dated March 15, 2026, directing immigration officers authorized under §§ 236 and 287 of the Immigration and Nationality Act to take Appellant into custody. The warrant identified the pendency of ongoing removal proceedings as the basis for the probable-cause determination and recorded service on Appellant in St. Louis, Missouri, on March 16, 2026. App. 31; R. Doc. 1-5, at 1.

Following his transfer to ICE custody, Appellant was detained at the Ste. Genevieve County Detention Center, where he remained when he filed his habeas petition. App. 8; R. Doc. 1, at 5. He alleged that he had received no individualized determination that his continued detention was necessary because he presented a danger to the community or a risk of flight. App. 12, 14; R. Doc. 1, at 9, 11.

**B. PROCEDURAL HISTORY**

On June 17, 2026, Appellant filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the Eastern District of Missouri. App. 2 (district court docket

report); App. 4–16; R. Doc. 1. The petition asserted that Appellant was entitled to a custody redetermination under 8 U.S.C. § 1226(a) and that his detention violated substantive and procedural due process under the Fifth Amendment. App. 10–15; R. Doc. 1, at 7–12. Appellant sought immediate release or, alternatively, an individualized custody hearing before a neutral decisionmaker at which the Government would bear the burden of establishing that continued detention was justified. App. 16; R. Doc. 1, at 13.

On June 29, 2026, the Government filed its response opposing habeas relief. App. 63–74; R. Doc. 3. It acknowledged Appellant's prior parole but maintained that the parole had expired or terminated and that his detention was governed by 8 U.S.C. § 1225(b)(2)(A). App. 64, 68–70; R. Doc. 3, at 2, 6–8. Relying on *Avila v. Bondi*, the Government argued that Appellant was subject to mandatory detention because he had not been admitted to the United States. App. 68–70; R. Doc. 3, at 6–8. It also argued that *Banyee v. Garland* foreclosed Appellant's constitutional claims while removal proceedings remained pending. App. 72–74; R. Doc. 3, at 10–12.

The district court docket reflects no order to show cause or briefing schedule before the Government's response and no reply from Appellant before the court ruled seven days later. App. 2–3 (district court docket report).

By its Order Dismissing Petition entered on July 6, 2026, the district court (Joshua M. Divine, U.S.D.J.) denied Appellant's petition. The one-page order

adopted the reasons stated in *Mejia Olalde v. Noem*, *Suarez v. Noem*, and *Sangwan v. Warden*, and additionally cited *Avila v. Bondi*. It did not separately discuss Appellant's parole history, the Form I-200 warrant, or his constitutional claims. The court also directed the substitution of Gary Stolzer, Warden of the Ste. Genevieve County Detention Center, as Respondent. App. 75; R. Doc. 4, at 1.

Appellant filed his notice of appeal on August 17, 2026. App. 3 (district court docket report); App. 76; R. Doc. 5, at 1.

## SUMMARY OF THE ARGUMENT

This Court should reverse the district court's order denying Appellant's petition for a writ of habeas corpus because the court treated *Avila v. Bondi* as dispositive without resolving the legal significance of ICE's arrest warrant. Although *Avila* establishes that § 1225(b)(2)(A) reaches unadmitted noncitizens apprehended within the United States, it did not decide whether ICE's use of a Form I-200 referencing § 236 constitutes an exercise of § 1226 authority. Appellant's warrant, considered together with the regulation governing its use, supports his contention that ICE invoked § 1226(a) when it returned him to custody. The Government's subsequent reliance on § 1225 does not resolve that contention. The district court should have examined ICE's contemporaneous exercise of authority before concluding that mandatory detention foreclosed relief.

The district court also prematurely terminated briefing. Respondents filed a substantive response on June 29, 2026, and the court denied the petition seven days later without establishing a reply deadline. If Local Rule 4.01(C) governed, Appellant's ten-day reply period had not expired. Otherwise, the court should have established a reasonable opportunity to reply consistent with the adversarial procedures contemplated by § 2243 and reflected in the habeas rules. A reply would have allowed Appellant to address Respondents' interpretation of the governing authorities and explain the significance of the custody documents supporting his claims.

Accordingly, this Court should reverse and remand with instructions to provide an individualized custody hearing under § 1226(a). Alternatively, it should vacate the order and remand for consideration of the statutory basis for Appellant's detention after affording him a meaningful opportunity to reply.

## ARGUMENT

### I. THE DISTRICT COURT ERRED IN TREATING AVILA AS DISPOSITIVE WITHOUT ADDRESSING ICE'S INVOCATION OF § 1226 IN APPELLANT'S ARREST WARRANT

The question whether Appellant's detention is governed by 8 U.S.C. § 1225(b)(2)(A) or § 1226(a) presents an issue of statutory interpretation reviewed de novo. *Mader v. United States*, 654 F.3d 794, 800 (8th Cir. 2011) (en banc); *Avila v. Bondi*, 170 F.4th 1128, 1332 (8th Cir. Mar. 25, 2026).

Appellant's petition presented a question that the district court did not address—whether ICE's use of a warrant invoking § 236 of the Immigration and Nationality Act subjected his detention to the procedures accompanying that authority. The petition identified the warrant, its reference to §§ 236 and 287, and its reliance on Appellant's ongoing removal proceedings. App. 8; R. Doc. 1, at 5. The warrant itself was submitted as Exhibit C. App. 31; R. Doc. 1-5, at 1. Nevertheless, the district court denied relief through a one-page order incorporating other decisions and citing *Avila*, without discussing the warrant or its legal significance. App. 75; R. Doc. 4, at 1. The resulting disposition failed to resolve Appellant's contention that ICE exercised § 1226 authority when it returned him to custody.

**A. Appellant's arrest warrant supports application of § 1226(a), and Avila does not resolve the legal effect of that warrant.**

Section 1226(a) authorizes the arrest and detention of a noncitizen pursuant to a warrant pending a decision on removal and, subject to the statute's exceptions, permits release on bond or conditional parole. Its implementing regulation specifically authorizes arrest under Form I-200 after issuance of a Notice to Appear and before completion of removal proceedings. 8 C.F.R. § 236.1(b)(1). The warrant procedure therefore forms part of the regulatory framework implementing § 1226.

Appellant's custody history fits that procedure. After entering the United

States near San Ysidro in December 2021, he was paroled into the country pending removal proceedings. App. 4, 7; R. Doc. 1, at 1, 4. He subsequently applied for asylum, received employment authorization, and remained in the community for more than four years. App. 7–8; R. Doc. 1, at 4–5. Following his March 2026 arrest by local police, ICE issued a Form I-200 dated March 15, 2026, and served it on March 16, 2026. App. 31; R. Doc. 1-5, at 1.

The warrant directed officers authorized under §§ 236 and 287 to arrest Appellant and identified "the pendency of ongoing removal proceedings against the subject" as the basis for ICE's probable-cause determination. *Id.* These features support Appellant's contention that ICE invoked the warrant-based detention framework of § 1226(a). His argument rests on the instrument ICE actually used to take him into custody, together with the regulation governing that instrument.

*Avila* addressed whether § 1225(b)(2)(A) reaches unadmitted noncitizens apprehended inside the United States. The Court held that it does. 170 F.4th at 1134–38. The opinion did not decide whether a Form I-200 referencing § 236 establishes an exercise of § 1226 authority or whether the Government may substitute a different statutory justification during habeas litigation. Appellant's argument therefore concerns the legal effect of ICE's documented action in his particular case.

Appellant does not contend that humanitarian parole constituted admission or permanently precluded detention under § 1225. Section 1182(d)(5)(A) expressly

provides otherwise and contemplates a parolee's return to custody. But that provision does not eliminate the need to determine the legal significance of the warrant ICE subsequently issued. The Government's assertion that Appellant's parole expired or terminated addresses his parole status; it does not explain why the March 2026 warrant should have no consequence for the statutory basis of his detention. App. 64; R. Doc. 3, at 2.

**B. The Government's litigation position does not establish that ICE exercised § 1225 authority when it arrested Appellant.**

Judicial review ordinarily evaluates agency action on the grounds the agency invoked when it acted. *Department of Homeland Security v. Regents of the University of California*, 591 U.S. 1, 20–21 (2020). Although an agency may undertake new action on a different basis, a later explanation cannot simply replace the grounds for the original action. *Id.* That principle supports examining ICE's contemporaneous custody documents before accepting counsel's subsequent characterization of Appellant's detention.

District courts within this Circuit have applied that reasoning after *Avila*. In *Cisse v. Blanche*, the court distinguished the Government's possession of § 1225 authority from its actual invocation of that authority. No. 26-cv-2215, Doc. 8, at 5–7 (D. Minn. Apr. 30, 2026). Based on the petitioner's prior release on recognizance and subsequent arrest under a warrant referencing § 236, the court rejected the

Government's litigation position that § 1225 governed and ordered a § 1226(a) bond hearing. *Id.* at 7–11. Although Appellant's earlier humanitarian parole differs from the release in *Cisse*, the decision's treatment of the subsequent warrant and the Government's changed justification directly informs the question presented here.

Similarly, in *Hoamaza Lita v. Blanche*, the court treated a Form I-200 addressed to officers authorized under §§ 236 and 287 as a representation that the Government had invoked § 1226 and held the Government to that representation. No. 26-cv-2344, Doc. 8, at 3–4 (D. Minn. May 5, 2026). Although that case also involved defects in the arrest, its analysis supports giving substantive significance to the same warrant language used here.

Appellant acknowledges the contrary conclusion in *Villa Mainato v. Blanche*, which treated the reference to §§ 236 and 287 as identifying the officers authorized to execute the warrant rather than the statutory basis for detention. No. 26-cv-3897, Doc. 8, at 3–4 (D. Minn. Sept. 24, 2026). This Court should adopt the more persuasive approach reflected in *Cisse* and *Hoamaza Lita*. Reading the reference solely as an officer designation gives insufficient weight to the warrant's function under 8 C.F.R. § 236.1(b)(1), its command to take the named individual into custody, and its identification of pending removal proceedings as the basis for arrest. Together, those features support treating the warrant as an exercise of § 1226 authority.

Here, the Government's response relied on Appellant's lack of admission to establish mandatory detention under § 1225. App. 68–70; R. Doc. 3, at 6–8. It did not address the warrant's reference to § 236 or explain its relationship to the Government's asserted detention authority. Nor did the district court resolve that issue. App. 75; R. Doc. 4, at 1. The court should have examined the asserted § 1226 basis rather than treating Appellant's lack of admission as a complete answer to his claim.

The distinction determines whether Appellant receives an individualized custody hearing. The Supreme Court has recognized that the regulations provide bond hearings for noncitizens detained under § 1226(a). *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018). Appellant alleged that he received no individualized determination of danger or flight risk after his return to custody. App. 12, 14; R. Doc. 1, at 9, 11.

Accordingly, this Court should reverse and remand with instructions to provide the custody procedures required by § 1226(a). Alternatively, it should vacate the denial and remand for the district court to determine the statutory basis of Appellant's detention after addressing the warrant and any contemporaneous custody determination, rather than treating *Avila* as dispositive of a question that decision did not resolve.

## II. THE DISTRICT COURT ERRED BY DENYING THE PETITION WITHOUT AFFORDING APPELLANT A MEANINGFUL

**OPPORTUNITY TO REPLY TO RESPONDENTS' SUBSTANTIVE RESPONSE.**

This Court reviews the dismissal of a petition under 28 U.S.C. § 2241 de novo. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). To the extent this appeal challenges the district court's management of briefing, review is for abuse of discretion. *See Huggins v. FedEx Ground Package System, Inc.*, 592 F.3d 853, 856–57 (8th Cir. 2010). Although district courts possess substantial discretion to manage their dockets, that discretion must be exercised consistently with the procedural protections governing the proceeding.

Appellant filed his petition on June 17, 2026. Respondents filed and electronically served a twelve-page substantive response on June 29, 2026, asserting that mandatory detention applied and that binding precedent foreclosed Appellant's statutory and constitutional claims. App. 2, 63–74; R. Doc. 3, at 1–12. The docket reflects no intervening order to show cause, briefing schedule, or deadline for Appellant's reply. App. 2–3. On July 6, 2026, seven days after Respondents served their response, the district court denied the petition through a one-page order incorporating the reasoning of three district-court decisions and citing *Avila*. App. 75; R. Doc. 4, at 1. Appellant had not filed a reply when the court terminated the action. App. 2–3.

Section 2243 contemplates an adversarial examination of the asserted basis for detention. It permits the petitioner to deny, under oath, facts asserted in the return

and to allege other material facts. 28 U.S.C. § 2243. In *Walker v. Johnston*, the Supreme Court recognized that the petition and the petitioner's traverse should be considered together in evaluating the application for habeas relief. 312 U.S. 275, 284 (1941). Although § 2243 permits denial when the application itself establishes that relief is unavailable, that screening authority does not eliminate the significance of a petitioner's opportunity to answer the Government's substantive justification for detention.

Rule 5(e) of the Rules Governing Section 2254 Cases recognizes a petitioner's right to reply and requires the court to establish a filing deadline unless a local rule already supplies one. Rules Governing § 2254 Cases in the U.S. Dist. Cts. R. 5(e). The Advisory Committee explains that the court retains discretion to determine when a reply must be filed, but not whether the petitioner may file one. *Id.* R. 5 advisory committee's note to 2019 amendment. Rule 1(b) authorizes district courts to apply any or all of these rules to habeas petitions outside the rules' ordinary scope. *Id.* R. 1(b). Because Appellant proceeded under 28 U.S.C. § 2241, Rule 5(e) does not automatically govern; it nevertheless provides a directly relevant procedural framework supporting a defined opportunity to reply before disposition.

The district court's local briefing rule provides an additional basis for finding the disposition premature. Local Rule 4.01(C) permits a moving party to file a reply within ten days after service of an opposition memorandum. E.D. Mo. L.R. 1.05,

4.01(C). App. 2–3. To the extent that rule governed briefing on Appellant's request for habeas relief, his reply was due July 9, 2026, under the computation prescribed by Federal Rule of Civil Procedure 6(a)(1). The district court ruled three days earlier. Although Local Rule 1.05 permits shortening a local-rule deadline for good cause, the docket reflects no order shortening Appellant's time. If the court instead regarded the ordinary motion-briefing rule as inapplicable, it should have established a reasonable reply deadline before resolving the petition following Respondents' substantive response.

The omitted reply concerned matters central to the requested relief. Respondents maintained that Appellant's lack of admission and the termination of his parole conclusively established mandatory detention under § 1225(b)(2)(A). App. 64, 68–70; R. Doc. 3, at 2, 6–8. A reply would have allowed Appellant to explain why, as developed in Argument I, ICE's subsequent invocation of §§ 236 and 287 in the arrest warrant required separate consideration. The petition expressly raised that issue, and the attached I-213 confirmed that the arrest was effectuated through Form I-200. App. 8, 29, 31; R. Doc. 1, at 5; R. Doc. 1-4, at 2; R. Doc. 1-5, at 1. Appellant also could have answered Respondents' contention that his constitutional claims merely repackaged his statutory challenge by explaining the significance of his pleaded history of parole, community residence, and subsequent return to custody. App. 12–13, 70–73; R. Doc. 1, at 9–10; R. Doc. 3, at 8–11.

Appellant therefore seeks remand because the premature disposition prevented him from answering the grounds advanced for denying relief, including their application to the custody documents already before the court. The district court's order did not address those documents or explain why further briefing could not affect its analysis. App. 75; R. Doc. 4, at 1. This Court should vacate the order and remand with instructions to afford Appellant a reasonable opportunity to reply and to reconsider the petition on the completed briefing.

## **CONCLUSION**

For all of the foregoing reasons, this Court should reverse the district court's denial of Appellant's petition for a writ of habeas corpus and remand with instructions to order an individualized custody hearing under 8 U.S.C. § 1226(a). Alternatively, this Court should vacate the order and remand for further proceedings, including a meaningful opportunity for Appellant to reply to Respondents' response before the district court reconsiders the petition.

Dated: September 29th, 2026

Respectfully submitted,

________________________
Viktoriia Chernova, Esq.
(#6178651IL)
LEX VERITAS, LLC
150 S Wacker Dr., 24th floor
Chicago, IL, 60606
Phone No.: (470) 469-8426

E-Mail: lexveritasllc@gmail.com
*Attorney for Petitioner-Appellant,*
*Mukhar Khugaev*